## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| JAMES GOULD, Derivatively on Behalf of NAVISTAR INTERNATIONAL CORPORATION,<br><br>                           Plaintiff,<br><br>   v.<br><br>ANDREW J. CEDEROTH, JOHN D. CORRENTI, MICHAEL N. HAMMES, JAMES H. KEYES, DENNIS D. WILLIAMS, DANIEL C. USTIAN, STANLEY A. MCCHRYSTAL, DAVID D. HARRISON, STEVEN J. KLINGER, EUGENIO CLARIOND, DIANE H. GULYAS, and WILLIAM H. OSBORNE,<br><br>                           Defendants,<br>  – and –<br><br>NAVISTAR INTERNATIONAL CORPORATION, a Delaware corporation,<br><br>                   Nominal Defendant. | Case No. 1:13-cv-2145<br><br>Judge Manish S. Shah<br><br><br><br>**ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE** |

WHEREAS, the above-captioned consolidated shareholder derivative action is pending before the Court (the "Federal Derivative Action");

WHEREAS, a related shareholder derivative action is pending before the Delaware Chancery Court, captioned *Griffin v. Correnti*, Case No. 8778-CS (the "Delaware Derivative Action") (collectively, with the Federal Derivative Action, referred to as the "Actions");

WHEREAS, Plaintiff James Gould ("Plaintiff") has moved this Court, unopposed, pursuant to Rule 23.1 of the Federal Rules of Civil Procedure for an order: (i) preliminarily approving the proposed settlement (the "Settlement") of the Actions, in accordance with a Stipulation of Settlement dated December 6, 2016 and the exhibits thereto (the "Stipulation"); and (ii) approving the form and distribution of the Notice of Pendency and Proposed Settlement of Shareholder Derivative Litigation ("Notice") and the Summary Notice of Pendency and Proposed Settlement of Shareholder Derivative Litigation ("Summary Notice") of the proposed Settlement;

WHEREAS, the Court having: (i) read and considered Plaintiff's Unopposed Motion for Preliminary Approval of Shareholder Derivative Settlement together with the accompanying Memorandum of Law; (ii) read and considered the Stipulation, as well as all the exhibits attached thereto; and (iii) heard and considered arguments of the Parties, if any;

WHEREAS, the Court finds, upon a ***preliminary evaluation***, that the proposed Settlement falls within the range of possible approval criteria, as it appears to provide a beneficial result for Navistar and its shareholders and appears to be the product of serious, informed, and non-collusive negotiations overseen by an experienced mediator, Jill R. Sperber, Esq.;

WHEREAS, the Court also finds that Navistar shareholders should be apprised of the Settlement through the proposed form of notice, allowed to file objections, if any, thereto, and appear at the Settlement Hearing; and

- 1 -

WHEREAS, except as otherwise expressly provided herein, all capitalized terms shall have the same meanings as set forth in the Stipulation (in addition to those capitalized terms defined herein);

NOW, THEREFORE, UPON GOOD CAUSE SHOWN, IT IS HEREBY ORDERED as follows:

1.     This Court *preliminarily* approves, subject to further consideration at the Settlement Hearing described below, the Stipulation and the Settlement set forth therein as fair, reasonable, and adequate.

2.     The Court approves, as to form and content, the Notice and the Summary Notice and finds that the provisions of the Notice and Summary Notice, substantially in the manner and form set forth in Exhibits B and C, respectively, to the Stipulation, meet the requirements of Rule 23.1 of the Federal Rules of Civil Procedure and due process, is the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all Persons entitled thereto. Non-material changes to the form of Notice and Summary Notice may be made without further approval of the Court.

3.     A hearing (the "Settlement Hearing") shall be held before this Court on February 15, 2017, at 10:30 a.m., in the U.S. District Court for the Northern District of Illinois, Eastern Division, located at United States Courthouse, 219 South Dearborn Street, Courtroom 1719, Chicago, Illinois 60604 to determine: (i) whether the terms of the Settlement are fair, reasonable, and adequate and should be approved; (ii) whether the Notice and Summary Notice fully satisfied the requirements of Rule 23.1 of the Federal Rules of Civil procedure and requirements of due process; (iii) whether the Federal Derivative Action should be dismissed with prejudice; (iv) whether all Released Claims against the Released Persons should be fully and finally released; (v) whether the agreed-to Fee and Expense Amount should be approved; (vi) whether

the Incentive Amount to Plaintiffs should be approved; and (vii) to rule upon such other matters
as the Court may deem appropriate.

    4.    The Court approves the Parties' proposed schedule of events in connection with
this Settlement, as follows:

| | |
|---|---|
| Navistar to include in periodic filings with the SEC a statement that the Actions have settled and received preliminary approval, and that directs stockholders to Navistar's Investor Relations webpage, for additional information | After Court enters the Preliminary Approval Order preliminarily approving Settlement |
| Summary Notice published in *Investor's Business Daily* | 10 business days after Court enters the Preliminary Approval Order preliminarily approving Settlement ("Notice Date") |
| Posting of the Stipulation and Notice on Navistar's website | 10 business days after Court enters the Preliminary Approval Order preliminarily approving Settlement |
| Plaintiff's papers in support of the Settlement, the Fee and Expense Amount, and the Incentive Amount | 21 calendar days prior to the Settlement Hearing |
| Navistar's counsel to serve on counsel for Plaintiff and file with the Court proof, by affidavit or declaration, of filing, posting, and publication of the Notice and Summary Notice | 14 calendar days prior to the Settlement Hearing |
| Last day for Current Navistar Shareholders to comment on the Settlement | 14 calendar days prior to the Settlement Hearing |
| Plaintiff's responses to Current Navistar Shareholders' objections to Settlement, if any | 7 calendar days prior to the Settlement Hearing |
| Settlement Hearing | 45 days after the Notice Date, at the Court's convenience |

    5.    Not later than ten (10) business days following entry of this Order, Navistar shall
cause the Summary Notice to be published once in the *Investor's Business Daily*. The Summary

Notice shall provide information regarding how to access the Notice and Stipulation published on Navistar's website.

6.      Not later than ten (10) business days following entry of this Order, Navistar shall cause the Notice and the Stipulation to be posted on its website, such that visitors to the "Investors" section of the website will readily find a hyperlink to the Notice and Stipulation.  The website posting set forth in this paragraph shall be maintained by Navistar through the date of the Settlement Hearing.

7.      In all periodic filings with the SEC after issuance of the Preliminary Approval Order, Navistar shall include a statement that the Actions have settled and received preliminary approval, and shall direct stockholders to Navistar's Investor Relations webpage for additional information.

8.      Navistar shall bear all financial responsibility for providing the Notice and the Summary Notice to Navistar shareholders.

9.      At least fourteen (14) calendar days before the Settlement Hearing, Navistar's counsel shall serve on counsel for Plaintiff and file with the Court proof, by affidavit or declaration, of such filing, posting, and publication of the Notice and Summary Notice.

10.     All papers in support of the Settlement, the Fee and Expense Amount, and the Incentive Amount shall be filed with the Court and served at least twenty-one (21) calendar days before the Settlement Hearing.

11.     Any Current Navistar Shareholders may appear and show cause, if he, she, or it has any reason why the terms of the Settlement should not be approved as fair, adequate, and reasonable, or why a Judgment should not be entered thereon, provided, however, unless otherwise ordered by the Court, no Current Navistar Shareholder shall be heard or entitled to

contest the approval of all or any of the terms and conditions of the Settlement, or, if approved, the Judgment to be entered thereon approving the same, unless that Person has, at least fourteen (14) calendar days before the Settlement Hearing, filed with the Clerk of the Court: (i) a written notice of objection with the Person's name, address, and telephone number, and if represented, the objector's counsel, along with a representation as to whether such Person intends to appear at the Settlement Hearing; (ii) competent evidence that such Person held shares of Navistar common stock as of December 6, 2016, and continues to hold shares of Navistar common stock as of the date of the Settlement Hearing; (iii) a statement of objections to any matters before the Court, the grounds therefor, or the reasons for such Person desiring to appear and be heard, as well as all documents or writings such Person desires the Court to consider; and (iv) the identities of any witnesses such Person plans on calling at the Settlement Hearing, along with a summary description of their likely testimony. In addition, on or before the date of such filing, that Person must also serve the same documents on the following counsel (delivered by hand or sent by First-Class Mail):

*Counsel for Plaintiff*:

ROBBINS ARROYO LLP
Kevin A. Seely, Esq.
600 B Street, Suite 1900
San Diego, CA 92101

HARWOOD FEFFER LLP
Robert I. Harwood, Esq.
Samuel K. Rosen, Esq.
488 Madison Avenue
New York, NY 10022

*Counsel for Defendants*

LATHAM & WATKINS LLP
Cary R. Perlman, Esq.
330 North Wabash Avenue, Suite 2800

Chicago, IL 60611

The written objections and copies of any papers and briefs in support thereof to be filed in Court shall be delivered by hand or sent by First-Class Mail to:

Clerk of the Court
United States Courthouse,
219 South Dearborn Street
Chicago, Illinois 60604

Any Current Navistar Shareholder who does not make his, her, or its objection in the manner provided herein shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, adequacy, or reasonableness of the Settlement as incorporated in the Stipulation, to the award of attorneys' fees and expenses to Plaintiffs' Counsel, and the Incentive Amount, unless otherwise ordered by the Court, but shall otherwise be bound by the Judgment to be entered and the releases to be given.

12.     At least seven (7) calendar days before the Settlement Hearing, Plaintiff shall file all reply memoranda in support of this motion and in response to Current Navistar Shareholders' objections, if any.

13.     All Current Navistar Shareholders shall be bound by all orders, determinations, and judgments concerning the Settlement, whether favorable or unfavorable to Current Navistar Shareholders.

14.     Pending final determination of whether the Settlement should be approved, no Current Navistar Shareholder, either directly, representatively, or in any other capacity, shall commence or prosecute against any of the Released Persons, any action or proceeding in any court or tribunal asserting any of the Released Claims.

15.     Pending final determination of whether the Settlement should be approved, no Defendant, either directly, representatively, or in any other capacity, shall commence or

prosecute against Plaintiffs and/or Plaintiffs' Counsel, for any claims arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement, or resolution of the Actions or the Released Claims.

16.     If Court approval of the Settlement does not occur for any reason, the Settlement and the Stipulation shall be null and void and of no force and effect. In such event, the Parties shall return to their respective litigation positions in the Actions as of the time immediately prior to the date of the execution of the Stipulation, as though it were never executed or agreed to, and the Stipulation shall not be deemed to prejudice in any way the positions of the Parties with respect to the Actions, or to constitute an admission of fact by any Party, shall not entitle any Party to recover any costs or expenses incurred in connection with the implementation of the Stipulation or the Settlement, and neither the existence of the Stipulation nor its contents shall be admissible in evidence or be referred to for any purposes in the Actions, or in any litigation or judicial proceeding, other than to enforce the terms therein.

17.     The Court reserves the right to adjourn the date of the Settlement Hearing or modify any other dates set forth herein without further notice to the Current Navistar Shareholders, and retains jurisdiction to consider all further applications arising out of or connected with the Settlement.  The Court may approve the Settlement, with such modifications as may be agreed to by the Parties, if appropriate, without further notice to the Current Navistar Shareholders.

IT IS SO ORDERED.

DATED: 12/12/2016

_____
MANISH S. SHAH
U.S. DISTRICT COURT JUDGE

1136323

- 7 -